HENRY R. GERING, APPELLEE, V. JOHN M. LEYDA, APPELLANT.

FILED MAY 13, 1912. No. 16,693.

Malicious Prosecution: EVIDENCE. Evidence examined, and *held* insufficient to connect defendant with the criminal prosecution of plaintiff, set out in the petition.

APPEAL from the district court for Cass county: BENJAMIN F. GOOD, JUDGE. *Reversed with directions.*

*J. E. Leyda, Byron Clark* and *William A. Robertson,* for appellant.

*Matthew Gering* and *John C. Cowen, contra.*

FAWCETT, J.

Action in the district court for Cass county for malicious prosecution. Judgment for plaintiff for $1. Defendant appeals.

The complaint upon which plaintiff was prosecuted was filed in the county court of Cass county by the county attorney, and charged that defendant, being a druggist with permit from the city council of the city of Plattsmouth to sell liquors for medicinal, mechanical and chemical purposes only, did on July 5, 1908, unlawfully sell intoxica-

ting liquor, to wit, whisky, to one Samuel Beggs, "without first having obtained a license and given bond to the state of Nebraska, as required by law authorizing him, the said Henry R. Gering, to make such sale of intoxicating liquor, such sale not having been made for medicinal, mechanical or chemical purposes." Upon the hearing of that complaint, the defendant there (plaintiff here) was discharged and this action followed. The allegation against the defendant Leyda is that he maliciously and without probable cause procured the arrest and prosecution of plaintiff upon the complaint above set out.

One of the errors assigned by defendant, and the only one we deem it necessary to consider, is that the trial court erred in overruling his request for a peremptory instruction, and in submitting the case to the jury. The evidence of plaintiff himself is that one Beggs came to his store on Sunday, July 5, 1908. "He said he wanted some whisky. I said, 'We don't sell it on Sunday.' He said, 'I want it for medicine. I have got to have it. I am going to go into the country.' I asked him what his name was and where he lived, and he told me and that he was working out in the country. I says, 'Do you want it for medicine?' and he said, 'Yes, sir; I do.' I asked him how much he wanted, and put it up for him; took his money and delivered the goods to him, making the entry of the sale in the poison register." The poison register shows that the sale was 12 ounces.

The controlling question is: Did defendant Leyda procure the prosecution of plaintiff maliciously and without probable cause? The fact that a man is prosecuted on a criminal charge through promptings of malice on the part of the one instituting the prosecution is not sufficient ground upon which to base a suit for malicious prosecution, if there is probable cause for such prosecution. There must be both malice and want of probable cause before such an action will lie. In this case there is an entire absence of evidence to show that defendant made any false representations whatever to the county attorney, or did

anything improper in causing the filing of the complaint above set out. In fact, the county attorney himself testified that he never counseled with the defendant or asked his advice, nor did he know that he had with any one else. He says he met defendant on the street, and defendant said to him that he had heard that a man by the name of Beggs was getting liquor at plaintiff's store; that he told defendant that he knew about it and had the matter in hand. Without going into the evidence in detail, it is sufficient to say that it clearly establishes the fact that the complaint against plaintiff was filed by the county attorney entirely upon his own initiative and without procurement on the part of defendant. The petition of plaintiff and his testimony show that he sold a bottle of whisky to Beggs upon the mere statement of Beggs that he wanted it for medicine. The evidence also shows that Beggs did not purchase it for medicinal purposes. Admitting that he deceived plaintiff, that would not establish the fact that, upon receiving information of such sale, the county attorney acted without probable cause in filing the complaint and prosecuting plaintiff therefor. But, even so, viewed from any standpoint, the evidence in the record before us is entirely insufficient to connect defendant with the prosecution of plaintiff. We think the court erred in not directing the jury to find for defendant as requested. Plaintiff has evidently concluded that there is no substantial merit in his action, as his counsel have neither submitted a brief nor appeared to argue the case orally.

The judgment of the district court is therefore reversed and the cause remanded, with directions to dismiss the action at plaintiff's costs.

REVERSED.