OSCAR TALCOTT, APPELLANT, V. CHARLES W. RICE ET AL., APPELLEES.

FILED OCTOBER 31, 1913. No. 17,370.

Malicious Prosecution: DIRECTING VERDICT: EVIDENCE. In this an action for malicious prosecution, the district court directed a verdict for defendants and dismissed the action. *Held*, That since the evidence fails to disclose the existence of malice or the want of probable cause the judgment was right.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Nelson C. Pratt,* for appellant.

*W. W. Slabaugh, contra.*

LETTON, J.

This is an action for malicious prosecution. In 1909 the plaintiff was the owner of a pool hall in the village of Valley, the defendants Coy, Byars and Butts were members of the board of trustees, and defendant Rice was marshal of that village. The petition charged that the defendants caused a complaint to be filed against the plaintiff in the county court of Douglas county, which contained three counts, the first two charging him and two others with unlawfully keeping intoxicating liquor for the purpose of sale without a license, and a third count charging that about March 12, 1909, the plaintiff and the same persons unlawfully sold to one James Snodgrass one quart of whiskey without having obtained a license; that the complaint was signed and sworn to by the defendant Rice on the advice and connivance of the other defendants maliciously and without probable cause; that they caused a warrant to issue and the plaintiff to be arrested; that plaintiff appeared for a preliminary examination, and that after a full and complete hearing he was acquitted and discharged. He avers that he was innocent of the charges, and that he has been greatly injured in his credit and reputation, and has been damaged in the sum of $7,000.

The answer of each defendant pleads his official station, his duty to maintain the peace and dignity of the village and to enforce the laws and ordinances of the village relating to the sale of malt, spirituous and vinous liquors, and that the complaint was filed with probable cause and without malice. After the evidence had been adduced, the district court, on motion of defendants, directed the jury to return a verdict in their favor, which was done and the cause dismissed at the plaintiff's cost. The motion for a new trial and assignments of error made

here are substantially for the reasons that the court erred in directing a verdict, and in excluding evidence that the reputation of the witness Snodgrass for truth and veracity was bad at the time he made certain statements to the defendant Byars.

The question which lies at the root of the whole matter is whether the evidence was sufficient to require the submission of the case to the jury.

The undisputed testimony shows that plaintiff conducted a pool hall in the village from November 13, 1908, to April 20, 1909. In connection with the pool hall he sold confectionery, cigars and soft drinks, and had a card table at which chips were used in playing. In March, 1909, a complaint was sworn to by one Harrier and a search warrant issued against plaintiff, but the officers found no liquor except a small amount of whiskey in a quart bottle. This complaint was dismissed for a defect therein. A second complaint was filed and sworn to by Harrier. Defendant Rice, as marshal, was the official who made the search. He arrested defendant on that complaint, but found no liquor at that time, and the defendant was discharged. A third complaint was filed that day by Rice himself, which is the prosecution on which this action is founded, charging Oscar Talcott, Peter Sawyer and Joseph Loretz, instead of Talcott alone. A hearing was had upon this latter complaint, and the defendants were discharged for want of probable cause.

Plaintiff testified that he had not kept liquor for sale in the pool hall, nor at any other place, and that he did not sell intoxicating liquor in the pool hall nor authorize anyone to sell liquor for him, and quite a number of witnesses testified to being in the pool hall and seeing no liquor sold there. On the other hand, the defendants each testified to many complaints being made that liquor-selling and gambling were going on at the pool hall. Mr. Byars testified that he saw a great many beer and whiskey bottles about the pool hall in the alley or back street; that a number of citizens of the village were complaining

that there were open violations every day, and that he
was not doing his duty in failing to prosecute; that one
James Snodgrass, a young man about 19, who had been
working for Talcott, made a statement that he could give
testimony that the law was being violated; that Snod-
grass made a written statement and affidavit to that
effect, and that one Carlson, one of the witnesses to the
statement, said he could make a similar affidavit and
would testify to the same effect; that other persons told
him they saw a number of men come out of Talcott's place
on Sunday so drunk they could hardly walk. He testified,
also, to other suspicious facts coming under his own ob-
servation. Defendant Butts testified to seeing the state-
ment made by Snodgrass, and of numerous complaints as
to liquor-selling by Talcott made by other citizens. De-
fendant Coy testified substantially to the same purport.
Each of the defendants testified that his action was with-
out malice and in performance of what he believed to be
his duty as an officer of the village.

James Snodgrass testified specifically to illegal sales
by Talcott. A strong attack is made upon the credibility
of his testimony, on the ground that the witness is of
weak intellect and that no credence can be placed in his
statements or testimony, and facts which strongly im-
peach his truthfulness were developed at the trial. Error
is predicated upon the exclusion of evidence that the
reputation of this witness for truth and veracity was bad
at the time he made the statements to Byars. We think
it unnecessary to consider this assignment. In consider-
ing the case, we have treated his evidence as if he had
been successfully impeached.

The question remains whether, after disregarding the
testimony of Snodgrass, there is sufficient in the record
to show that the defendant as public officers had reason-
able grounds to believe that the plaintiff had been guilty
of the unlawful sale of liquor by himself or by his agents
and servants. The testimony on rebuttal of a number of
the witnesses for the plaintiff himself throws some light

on the question. One of these witnesses, after testifying he never bought any liquor in the pool hall, said: "I was in there one morning when the talk was had about the town being dry, and Sawyer walked to the back room, and I followed him, and there were two bottles of beer there that we drank. Talcott was not there." Another testifies that he was intoxicated in the pool hall, but also says that he got the liquor at Elkhorn and had it with him when he went into Talcott's; that the only time he ever drank at Talcott's was the time he was taken by Sawyer into the back room. Another witness testifies that he was in Talcott's one day when a Mr. Hixon came in with a bottle of beer, and said, "Have some?" that at the time he drank this beer there were several bottles in the back room; that Hixon said it was his, that he shipped it in. Sawyer says that he worked for Talcott in the pool hall; that he had a case of beer shipped in; that he took a number of persons into the back room and each drank a bottle; that he had the beer come in Talcott's name so that it would come to the pool hall and he could take it home. Talcott also testifies that he saw the case of beer that Sawyer brought there, and that at that time it only had five or six empty bottles in it; that Sawyer told him that it came in his name; and he told him not do it again; that Sawyer was in charge of the pool hall.

From all the testimony in the record we are satisfied that there were circumstances shown as to the manner of conducting the pool hall which, even if possibly they led to a wrong conclusion, were enough to justify the village authorities in attempting to stop the illegal sale of intoxicating liquors in the village; and that the evidence upon which they acted would indicate to an ordinary mind that much of the liquor was being procured at Talcott's pool hall. The testimony also shows that reputable counsel was employed and the action of defendants was taken under his advice. Considering all the testimony, while the suspicious circumstances were perhaps susceptible of explanation, we are satisfied that a case has not

been made as to the existence of malice or want of probable cause.

The district court properly directed a verdict for defendants, and its judgment must be, and is,

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.