JOHN H. MEYER, APPELLANT, V. T. D. MEESE ET AL.,
APPELLEES.

FILED JANUARY 30, 1914. No. 17,527.

Malicious Prosecution: EVIDENCE: DIRECTING VERDICT. In an action
for damages for malicious prosecution, where the evidence offered
by plaintiff in his case in chief is clearly insufficient to show
either malice or want of probable cause on the part of the de-
fendant in causing the prosecution complained of, it is the duty
of the district court to direct a verdict for the defendant.

APPEAL from the district court for Wheeler county:
JAMES R. HANNA, JUDGE. Affirmed.

G. N. Anderson, for appellant.

A. L. Bishop and J. R. Swain, contra.

FAWCETT, J.

From a judgment of the district court for Wheeler
county, upon a verdict directed for the defendant, in an
action for damages for malicious prosecution, plaintiff ap-
peals.

The case, succinctly stated, is this: One W. H. Inness
obtained a judgment against the plaintiff in this action
for wages. Upon this judgment execution was issued and
placed in the hands of the sheriff, who levied the same
upon certain personal property of the present plaintiff.
Thereupon the plaintiff replevied the property, or a por-
tion of it at least, and in his affidavit for the writ swore
that the property "is wrongfully detained by one Ernest
A. French, sheriff of Wheeler county. That said property
was not taken in execution, or any order of judgment
against the plaintiff." After the property had been taken
under the writ of replevin, Inness went to the defendant,
who had been his attorney in his suit against the plaintiff,
and who was also county attorney, called his attention to
what plaintiff had done, and asked him if as county at-
torney he would allow the man to perjure himself without

Meyer v. Meese.

prosecuting him; told him that if he did he would consider him as bad as the perjurer himself. Defendant told him he would look into the matter. The result was that defendant, as county attorney, filed an information against the plaintiff, charging him with making the affidavit, as above set out, and alleging that the sheriff did not wrongfully detain the goods and chattels alleged in the affidavit of replevin, but that the property was taken in execution, issued by the clerk of the district court to the sheriff "upon a judgment rendered in the district court of said county on the 25th day of June, 1910, against the said John H. Meyer," etc. This information was sworn to and filed on June 20, 1910, which was ten days before the date which the information alleges was the date when the judgment was rendered, upon which the execution had been issued. In other words, the information alleged an impossible date. Plaintiff was arrested, and preliminary examination had before a justice of the peace, at which, so far as the record shows, the error in the date stated in the information was either not detected or not pointed out. The justice, after taking the testimony of several witnesses, found that there was probable cause to believe that the accused had committed the crime charged, and bound him over to the next term of the district court. When the district court convened, defendant, still acting as county attorney, filed a new information, from which the date on which the judgment had been entered was omitted. A plea in abatement filed by the plaintiff was sustained, and he was discharged; the county attorney stating that he did not care to plead further. No new complaint was ever filed. When plaintiff rested in the present action, defendant's motion for a directed verdict was sustained. It would serve no good purpose to give any extended review of the evidence. We deem it sufficient to say that it utterly fails to make out a case for plaintiff, sufficient to entitle him to go to the jury. Plaintiff's own testimony upon the witness-stand shows that, when he swore to the affidavit for replevin, he knew that the sheriff had taken the property on execution, and knew that his affidavit con-

tained the statement that it had not been so taken. In the light of this admission, it is idle to contend that plaintiff was entitled to go to the jury on the question of want of probable cause. The simple fact that the county attorney, through a clerical error, inserted a wrong date in his complaint, and thereby fixed the date of the judgment at a time in the future, and the further fact that, when the plea in abatement was sustained in the district court, he elected not to prosecute the plaintiff further and send him to the penitentiary, as his crime justly merited, are far from constituting either malice or a want of probable cause. The case is so utterly without merit that we will not waste further time considering it.

The judgment of the district court was clearly right and it is

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.