ELEANOR I. FOOTE ET AL., APPELLANTS, V. GEORGE R.
CHITTENDEN ET AL., APPELLEES.

FILED JULY 20, 1921. No. 21495.

1. **Pleading**: PROOF. A party will not be permitted to plead one
   cause of action and upon the trial rely on proof establishing a
   different cause. The allegations and proof must agree.

2. **County Courts**: COURTS OF RECORD. In Nebraska, county courts.
   are courts of record. They have exclusive original jurisdiction
   of guardianship and probate proceedings, and as to such matters
   they are courts of general, superior, and not inferior, jurisdic-
   tion. Their records import verity, and their proceedings possess,
   as a rule, the same presumptions of jurisdiction and regularity
   as are possessed by courts of superior common-law jurisdiction.
   All matters necessary to give the court jurisdiction, upon which
   the record is silent, are presumed.

3. **Guardian and Ward**: GUARDIAN'S SALE: NOTICE TO NONRESIDENT
   MINORS. The failure to give notice to nonresident minors of an
   application made to a county court of Nebraska for the appoint-
   ment of a guardian to take charge of and conserve their prop-
   erty located in this state is not such a jurisdictional defect as
   will render a sale of the property of such minors made by the
   guardian so appointed, under a license issued by the proper dis-
   trict court, void or subject to collateral attack.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John N. Dryden* and *N. P. McDonald,* for appellants.

*H. M. Sinclair, Fred A. Nye, John A. Miller* and
*Rinaker, Kidd & Delehant, contra.*

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS
and MORNING, District Judges.

CLEMENTS (E. J.), District Judge.

This is an action to determine adverse claims to two
city lots situated in Kearney, Nebraska. The plaintiffs
claim title through the will of Sarah B. Leffingwell, who
died February 17, 1896, seised of said property. The de-
fendants claim title to or interest in said lands from the

same source, under a sale by the guardian of the plaintiffs, who were then nonresident minors, under a license from the district court for Buffalo county, Nebraska. Walter W. Barney, the guardian who made the sale, was appointed by the county court of said county on July 23, 1903, at which time plaintiffs were aged five, ten, and fourteen years, respectively, and resided in the state of Pennsylvania. The plaintiffs assail the validity of the appointment of said guardian by the county court, but stipulate in the record that the proceedings in the district court with reference to said guardian's sale were complete and regular in all respects; that said sale was confirmed and the guardian was ordered to and did execute a deed to the purchaser, Samuel J. Fair; that said purchaser took possession of said premises under said deed on May 10, 1904, and he, his grantees, and those subsequently succeeding to his right and title therein, including the defendants herein, have ever since remained in peaceable and adverse possession thereof; that they have made valuable improvements on said premises and have paid all the taxes and assessments levied against same.

There is nothing in the record which tends to show that the appointment of Mr. Barney as guardian, or the sale of said property so made by him, was unnecessary, or that same was not made in good faith for the purpose of protecting the interests of the minors; nor that the price paid by the purchaser for said lots was not all they were worth. No one questions the good faith or honesty of the guardian in anything he did. It appears that all the proceedings of the courts and acts of the guardian were for the best interests of the plaintiffs, and that the purchaser at the guardian's sale and all subsequent grantors claiming through him are purchasers for full value, without any actual knowledge of any defect in any of said proceedings or in their title to said property. Under these circumstances there appears to be no reason, which appeals to a court of equity, which is a court of conscience, why all of said proceedings should be declared

void and the property in question taken from the defendants by plaintiffs in an action commenced more than fifteen years after said sale, more than eleven years after the eldest, and more than two years after the youngest of the plaintiffs became of age. Plaintiffs come into a court of equity and insist that they are entitled to recover, not because of any wrong or injury which has been done them, but because they contend that a technical rule of law has been violated which gives them the legal right to do so. If their contention be correct, plaintiffs must prevail, for courts of equity, as well as courts of law, are bound by legal principles; but the law will not be construed so as to work injustice if such a result can be avoided without the violation of established legal principles or rules.

In their petition plaintiffs plead only two grounds or reasons for their claim that the appointment of Mr. Barney as guardian is void, which are: (1) That no notice was given to plaintiffs of the application for such appointment; and (2) that the bond in the proceedings for the sale was approved by the clerk, and not by the court. The second of these grounds has been wholly abandoned and only the first remains. No other is presented or argued in plaintiffs' original brief herein; but, in their reply brief, counsel for plaintiffs have attempted to introduce and insist upon two other asserted grounds or reasons, viz., (a) that the application for the appointment of said guardian was not made by any one authorized to do so; and (b) that said application failed to state that plaintiffs were minors, were residents of Buffalo county, or had real estate therein.

The rule is elementary that the allegations and the proof must agree. "A party is not allowed to allege in his petition one cause of action and prove another upon the trial." *Imhoff v. House,* 36 Neb. 28. "A party will not be permitted to plead one cause of action and upon the trial rely upon proof establishing a different cause." *Luce v. Foster,* 42 Neb. 818. Counsel's attempt to pre-

sent to this court for the first time in their reply brief causes. of action not pleaded in their petition nor presented to the trial court is a violation of such rule and is not entitled to consideration. We will therefore confine ourselves to the consideration of the cause of action presented by the pleadings.

In the record of the county court of Buffalo county in said guardianship proceedings, introduced in evidence by plaintiffs, is an instrument labelled, "Order for Hearing and Notice," in which order the time for hearing of the application for guardianship of plaintiffs is set, and said order concludes with these words, "and that no notice herein be given, the same being waived."

County courts in Nebraska have exclusive original jurisdiction of guardianship and probate proceedings. They are courts of record, and as to such matters they are courts of general, superior, and not inferior, jurisdiction. *Scott v. Flowers,* 61 Neb. 620; *Genau v. Roderick,* 4 Neb. (Unof.) 436. Their records import verity, and their proceedings possess, as a general rule, the same presumptions of jurisdiction and regularity possessed by courts of superior common-law jurisdiction. Where a county court possesses general jurisdiction of a given class of subject-matter, the possession of jurisdiction assumed to be exercised in a particular case falling within that class is, in a collateral proceeding, presumed. All matters necessary to give the court jurisdiction, upon which the record is silent, are presumed. *Davis v. Hudson,* 29 Minn. 27; *Shroyer v. Richmond,* 16 Ohio St. 455. The reasons for the foregoing rule are clearly stated in *Davis v. Hudson, supra,* which case is cited in plaintiffs' brief on another point. Of course, such presumptions will not be permitted to contradict statements in the record which, as we have seen, import verity.

That part of the record above quoted therefore shows that no notice of the hearing on said application was given for the reason that the same was waived. The record being silent as to who waived notice and how it

was done, we must, under the foregoing rule, presume that all parties who were entitled to notice waived same and that such waiver was in the form and manner required. This presumption applies to the father, mother, and all persons *sui juris* to whom notice should have been given. The right of such a person to waive notice of any proceeding to which he is entitled is unquestioned. The Nebraska statutes provide that no receiver shall be appointed until after notice of the time and place of the application is given to all parties to be affected thereby, and that "every order appointing a receiver without such notice shall be void." Yet this court has repeatedly held that such notice may be waived. *Farmers & Merchants Bank v. German Nat. Bank,* 59 Neb. 229; *Veith v. Ress,* 60 Neb. 52; *Murphy v. Fidelity Mut. Fire Ins. Co.,* 69 Neb. 489; 34 Cyc. 125.

As the plaintiffs were then minors they did not have capacity to make a valid or binding waiver of any of their legal rights, and, if it were necessary to give them notice before the guardian could be legally appointed, then such appointment was invalid. Counsel's contention that such notice to them was required is based upon section 1661, Rev. St. 1913, which provides that the court may appoint a guardian for a nonresident minor "after notice given to all persons interested, in such manner as the court shall order, and after a full hearing and examination." In their brief counsel for plaintiffs say that in *Davis v. Hudson,* 29 Minn. 27, "it was held, under a statute identical with ours, that the court could not exercise its jurisdiction until the provision respecting notice had been complied with;" and that "the manner of notice is committed to the discretion of the judge, but some notice is indispensable." This is the principal authority relied upon to sustain plaintiff's contention, but neither in this case, nor in any other that we have been able to find, involving a like statute, is it said that such notice must be given to the nonresident minors themselves. The record of the guardianship proceedings under consideration in

the *Davis* case did not show that notice had been given to any one, but the court held that, "the records being silent upon the matter of notice of the application for such appointment, such notice is presumed in a collateral proceeding," and the guardian's sale was sustained.

In a later case, *Kurtz v. St. Paul & D. R. Co.*, 48 Minn. 339, the same court passed directly on the identical question under consideration. In that case the plaintiffs were minors residing in Wisconsin with their mother and owned land in St. Louis county, Minnesota. Their next of kin were their mother and a married sister. The mother applied to the probate court of St. Louis county for letters of guardianship. Notice was served on the married sister personally, and the court held that the mother had notice by being herself the petitioner. It was contended that, as no notice was given to the minors themselves, the appointment of the guardian and the sale of the minors' property made by her as such were void. In the opinion it is said:

"Notice of the hearing for such appointment is not a constitutional prerequisite to the jurisdiction to name a guardian. Appointing a guardian deprives no one of his property, and does not change or affect the title of it. Letters of guardianship are merely a commission which places the property of the ward in the care of an officer of the court as custodian, and in its effect is not essentially different from the appointment of a receiver, or temporary administrator, a jurisdiction which can be and frequently is exercised before service of any process. The matter of notice of an application for the appointment of a guardian is, therefore, purely a matter of statutory requirement. * * * The statute clearly commits it to the sound discretion of the judge to decide how and in what manner notice shall be given, and to fix the kind of notice most likely to serve the ends of justice, and protect the interests of the infants. Similar provisions in similar statutes are quite common, and it is.agreed, with one accord, that the purpose is to give notice to relatives

or next of kin who are naturally interested in the infants or their estates, so as to give them an opportunity to attend, if they desire, for the purpose of giving the probate court the requisite information as to the nature and value of the estate of the infant, and as to the propriety or impropriety of the appointment, as guardian, of the person named in the petition. *Underhill v. Dennis,* 9 Paige, 202; *White v. Pomeroy,* 7 Barb. (N. Y.) 640; *Ex parte Dawson,* 3 Bradf. Sur. (N. Y.) 130. Notice to the infants is not the important or essential thing, for the very necessity for appointing a guardian for them arises out of the fact that they are incapable of managing their own estate, or of determining for themselves what is for their own interests. If they are of very tender years, and strictly *non sui juris,* notice to them would be an idle ceremony, and utterly useless. Hence we conclude that the notice contemplated by statute does not necessarily require or include notice to the infants themselves, but that it is left to the sound discretion of the probate judge to order such notice to persons interested as natural guardians and next of kin as he shall deem most likely to inform them of the application, and thus, through their attendance, advise him of the extent and condition of the infants' estate, and of the expediency of the appointment prayed for."

We have quoted thus at length from the opinion in said case because the reasoning and conclusion therein appear to be sound and right and meet with our approval.

We therefore hold that the failure to give notice to plaintiffs in the case at bar of the application for the appointment of a guardian to take charge of their property in Nebraska did not render such appointment void and make it subject to collateral attack. As this is the only defect pleaded, which is relied upon, it follows that this conclusion is decisive of the case, and other questions discussed in the briefs will not be considered.

We find no prejudicial error in the record, and the judgment of the trial court is therefore                AFFIRMED.