GEORGE W. MARTIN, APPELLANT, v. GEORGE A. SANFORD ET AL., APPELLEES.

FILED MAY 31, 1935. No. 29186.

*Russell W. Bartels,* for appellant.

*Sidney T. Frum* and *Gaines, McGilton, McLaughlin & Gaines, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

EBERLY, J.

This is a civil action for damages. It was brought by the plaintiff, Martin, in Wayne county, Nebraska, against the defendant as sheriff of Dakota county and the bonding company as surety on his official bond. The petition set

forth two causes of action, viz., (1) a cause of action for false imprisonment; and (2) a cause of action for malicious prosecution; all alleged to have been committed by defendant Sanford in his official capacity as sheriff of Dakota county, on the theory that an arrest and subsequent detention of plaintiff by him was made without a warrant or process authorizing the same. The allegations of this pleading were put in issue by the answer of defendants. In the first paragraph of this answer, it was alleged, in part: "That though such fact does not appear on the face of the petition, plaintiff will be unable to produce evidence to establish a cause of action against either of these defendants under section 20-404, Compiled Statutes of Nebraska, 1929; * * * that by reason of the foregoing facts, this court has no jurisdiction over the subject-matter of this action or the person of the defendants," and the several defendants "severally object to the jurisdiction of this court" over their persons and "to the jurisdiction of the court over the subject-matter of the action."

Such section 20-404 provides in part: "Actions for the following causes must be brought in the county where the cause or some part thereof arose: * * * Second. An action against a public officer, for an act done by him in virtue of or under color of his office, or for any neglect of his official duty. Third. An action on the official bond or undertaking of a public officer."

Defendants also, in addition to traversing the allegations of plaintiff's petition, by way of justification, pleaded the following: (1) The filing of a proper complaint in the county court of Dakota county, Nebraska, on May 20, 1932, by the county attorney of Dakota county, charging in appropriate terms the unlawful violation in Dakota county on that date by George W. Martin, the plaintiff herein, of section 28, and also section 11, of chapter 110, of the session laws of Nebraska for 1931, and also setting out a copy of such complaint; (2) the issuance by such county court on that date of a warrant in due form directing the arrest of George W. Martin, and delivery of this warrant to the

defendant Sanford; that as directed in this warrant defendant Sanford on the day of its issuance arrested the plaintiff, Martin, and on May 21, 1932, produced his body in the county court of Dakota county, together with said warrant with his official return indorsed thereon; that a copy of the warrant, together with the return indorsed thereon, is set out as a part of the answer; (3) that Martin, plaintiff herein, was immediately arraigned by the county court, and the complaint read to him, and that to this complaint he pleaded guilty; that thereupon a judgment of guilty was entered by the county court, and sentence imposed as provided by law, which is and remains in full force and effect, and a copy of this judgment and sentence is also set out as a part of the answer.

Thereupon plaintiff moved to strike from such answer the first paragraph thereof, which motion the trial court sustained. However, the challenge to the jurisdiction of the court based on section 20-404, Comp. St. 1929, was amply preserved in the record subsequently made. Plaintiff then filed a reply which in effect amounted to a general denial.

Upon the trial of the issues thus found, at the close of plaintiff's evidence, the trial court sustained a motion to instruct the jury to return a verdict for the defendants on count 2 of plaintiff's petition, and at the close of all the evidence a similar motion was sustained as to count 1. From the order overruling the motion for a new trial, plaintiff appeals.

The undisputed evidence, including all offers of proof in the record tendered by plaintiff, is that on May 20, 1932, George W. Martin was involved in an accident while conducting a truck over Highway No. 77 in Dakota county. He sought to pass a buggy, having a led horse behind it, and in such passing the horse was injured. It is not questioned in the record that after the accident the truck proceeded on its way without stopping. The plaintiff now testifies that he was wholly unaware that an accident had ever occurred.

Malcolm R. Smith, who has been county attorney of Dakota county for seven years, and a resident of South Sioux City, Dakota county, testifies that he, as county attorney, prepared, swore to, and filed in the county court of Dakota county the complaint in State v. George W. Martin (a copy of which is set forth in defendants' answer) ; that he "did not see George A. Sanford before this complaint was filed in regard to it;" and that the information on which the complaint was based was furnished by citizens of Dakota county, other than George A. Sanford, and that he knows the county judge started to write up the warrant while he was in his office.

Sherman W. McKinley, a resident of South Sioux City, Nebraska, and county judge of Dakota county for 18 years, testifies that he remembers the occasion when a case entitled State v. George W. Martin was filed; that the complaint, which he identifies, was filed by the county attorney, Malcolm R. Smith; that the warrant was issued thereon on May 20, 1932, and he "put it in the hands of the sheriff for service" on that date, May 20, 1932. In reference to these dates the county judge on cross-examination says: "I couldn't remember just exactly what I did on May 20, 1932, without something to refresh my memory and my signature here and the date of the warrant now makes me certain that that is when I issued it. I remember issuing the warrant, but I couldn't just say when without something to refresh my recollection. This does it."

Defendant Sanford testified, in substance, that he was the sheriff of Dakota county, and had been such for about nine years previously; that about 4:30 o'clock in the afternoon of May 20, 1932, a complaint had been filed in the county court by Malcolm R. Smith, county attorney, in the case of State v. George W. Martin and John Doe; that this witness furnished no information to the county attorney as to the accident involved, or the facts which led up to the filing of the complaint, and that he knew nothing about the facts involved prior to the time the complaint was prepared and signed; that the warrant, then produced and

handed to him, was the original warrant delivered to him by the county judge of Dakota county on the day of its date, and was exactly in the same condition as when thus received excepting his "return" thereto that was put on this instrument by this witness on May 21, 1932; that immediately on receipt of this warrant he proceeded to Carroll, Nebraska, with that document in his possession, to make the arrest of George W. Martin as therein commanded.

There is no competent evidence in the record that contradicts the evidence of the facts covered by the testimony thus summarized. The validity and form of the complaint are not questioned, and the recitals and commands of the warrant appear technically regular in all respects. Unquestionably, it was process, fair on its face, and lawfully issued by a court of competent jurisdiction.

In this connection we do not overlook the fact that plaintiff challenges the competency of this parol evidence supplementing the records of the county court, and offers in support of his position certain evidence as to statements made by the county judge of Dakota county in a conversation had with plaintiff's attorney in the office of the county judge at a date not definitely fixed, but apparently some five or six months after the filing of the original complaint, and after the judgment and sentence thereon had been entered. In substance, this offered proof was, that plaintiff's attorney at that time, having, upon his request, received from the county judge the court wrapper containing the complaint in the case of State v. Martin, but not then containing the original warrant issued thereon, addressed an interrogatory to the county judge, in reply to which this official stated "that there was no warrant in the files and that none was needed and that none was had in said case." This offer of proof was excluded by the trial court. It may be said in passing that the original warrant, bearing date of May 20, 1932, was produced at this trial, with the sheriff's return under date of May 21, 1932, indorsed thereon, and that the county judge, on cross-exam-

ination by plaintiff, expressly denied so much of this offer of proof as pertained to the statement, "that none (no warrant) was had in said case."

However, the county court docket in this case, at the time of this conversation, disclosed, by proper recitals, "that on May 20, 1932, Malcolm R. Smith, county attorney within and for Dakota county, Nebraska, filed the following complaint, subscribed and sworn to on the same day by said county attorney, before me, and that afterwards the following proceedings were had and orders entered, to wit:" Then follows a complaint, properly verified, in two counts charging the commission of two offenses under the Nebraska motor vehicle act. Following the copy of the complaint on the docket, but without further date, it is set out that "the defendant, George W. Martin, being arraigned in open court pleaded guilty as charged in the complaint, and upon due consideration thereof the court finds that the defendant is guilty as therein charged." Following the foregoing statement, the sentence imposed is set out in this record, and then appears the official signature of the county judge.

The facts recited in this docket entry bring these proceedings squarely within the purview of section 29-513, Comp. St. 1929. The defendant having thus entered a plea of guilty, it was lawful for the county judge to render a judgment of "imprisonment not to exceed six months, or a fine not to exceed five hundred dollars, or both according to the law of the case, and pass sentence accordingly, and to enforce the same according to law." Comp. St. 1929, sec. 29-513. See, also, *Ex parte Maule,* 19 Neb. 273.

The only prerequisites to the exercise of these powers by the county judge were the filing of the proper complaint and the entry of a plea of guilty thereto. The issuance of a warrant on such complaint, or the previous arrest of the defendant pursuant to such process, was neither contemplated nor necessary. *Cohoe v. State,* 79 Neb. 811. Nor is the validity of this judgment affected by the omission on the docket of the date of its rendition. "The omission of

the date (of judgment), however, is a mere irregularity, and will not render the judgment void. The date may be fixed by reference to the record of proceedings in the case. A clerical error may be shown so as to support the judgment." 33 C. J. 1211. And, again, "The date of the judgment may be fixed by reference to the record of the proceedings in the case, or extrinsic evidence may be given of the day on which the judgment was rendered." 34 C. J. 70.

It is obvious that the parol evidence as to the actual issuance of the warrant in this case, and of the arrest thereunder, was competent and properly received; and in no manner does it contradict the terms of the judicial records which import verity. *Bantley v. Finney,* 43 Neb. 794.

This record is also to be sustained by all the presumptions which support the records of a "court of record." Section 16, art. V of our Constitution, provides, in part: "County courts shall be courts of record." In *Scott v. Flowers,* 61 Neb. 620, this court held: "The county court is always and under all circumstances a court of record. The county judge, in whatever official capacity he may act, is a judge of a court of record; he is not a justice of the peace even when exercising the ordinary powers and jurisdiction of a justice."

In discussing the nature of the jurisdiction vested in county courts, in *Foote v. Chittenden,* 106 Neb. 704, 707, Clements (E. J.), district judge, says in part: "They are courts of record, and as to such matters (guardianship and probate proceedings) they are courts of general, superior, and not inferior, jurisdiction. *Scott v. Flowers,* 61 Neb. 620; *Genau v. Roderick,* 4 Neb. (Unof.) 436. Their records import verity, and their proceedings possess, as a general rule, the same presumptions of jurisdiction and regularity possessed by courts of superior common-law jurisdiction. Where a county court possesses general jurisdiction of a given class of subject-matter, the possession of jurisdiction assumed to be exercised in a particular case falling within that class is, in a collateral proceeding, pre-

sumed. All matters necessary to give the court jurisdiction, upon which the record is silent, are presumed. *Davis v. Hudson,* 29 Minn. 27; *Shroyer v. Richmond,* 16 Ohio St. 455. The reasons for the foregoing rule are clearly stated in *Davis v. Hudson, supra,* which case is cited in plaintiffs' brief on another point." See, also, *In re Estate of Ramp,* 113 Neb. 3.

On the other hand, the tendered evidence of contradictory statements of the county judge who issued the warrant, to the effect that no such warrant was ever issued, was properly excluded by the trial court. This county judge was not a party to the present litigation, nor do the pleadings herein charge him with complicity in the wrongs therein alleged, and, further, the defendant was not present at the times to which plaintiff's evidence was limited.

"The general rule is that every material fact must be proved by testimony on oath and not by declarations or admissions not on oath. One of the exceptions to this rule is that the declarations of a party to the record, or of one identified in interest with him against his interest, are, as against such party, admissible in evidence." 1 Ency. of Evidence, 504.

The testimony which plaintiff offered was plainly not within the foregoing exception, and its exclusion was therefore required under the terms of the general rule. It purported to be a narration of the facts of a transaction which occurred five or six months previously, at which the defendant herein was not present, by a third person not at any time the representative of such defendant.

It may be said that in all material matters the testimony of plaintiff as to improper conduct on part of the officers of Dakota county, including that charged to the sheriff forming a part of the transaction complained of, is positively denied by the testimony of competent witnesses. As to the manner of the arrest, the defendant testifies that plaintiff, on the sheriff's arrival, was found at the "pump house or police station or light plant" in Carroll, Nebraska; that in the presence and hearing of the plaintiff, in answering the

inquiry of a Mr. Merrill, the defendant sheriff then and there stated that plaintiff was charged with a violation of the motor vehicle act; that, en route from that place to plaintiff's home, in the sheriff's automobile, the warrant directing plaintiff's arrest was actually delivered to him by defendant, and was returned to the sheriff by plaintiff after examination of the writ when the party arrived at the plaintiff's residence. The testimony of the sheriff's deputy sustains this testimony that during that time the plaintiff was given physical possession of the warrant.

Mr. Merrill, a witness for plaintiff, testified on his direct examination that no warrant was produced or read to plaintiff by the sheriff at the "pump house." However, on cross-examination, he testifies that at the Carroll pump house, in the presence of the plaintiff, Martin, a conversation was had by and with the defendant sheriff, substantially as follows: "Q. Mr. Sanford, the sheriff, told you what he had come after Mr. Martin for? A. Yes. Q. So that Mr. Martin knew what he was charged with at that time? A. I presume he would; yes." It is admitted that at the time of the arrest plaintiff, Martin, knew the defendant sheriff was sheriff of Dakota county, and that he was acting in his official capacity. Thus, it will be seen that what the sheriff actually did and accomplished on May 20, 1932, including the commitment of the plaintiff to the county jail, was contemplated and required by the lawful warrant then in the sheriff's possession.

It will be remembered that "Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." 1 Cooley, Torts (4th ed.) 437.

The plaintiff admits that, during the time covered by the acts of the sheriff complained of, plaintiff knew the identity of defendant, and that he was acting in his official capacity as sheriff of Dakota county; that plaintiff was at

the "light plant" of the village of Carroll, but denied that he understood what the defendant then said as to the charge on which he was then arrested.

Plaintiff testifies: "The sheriff came over to me (at the light plant). He said, 'Let's get going.' I asked him if he had a warrant. He said, 'I don't need one.'" Plaintiff further testified that the sheriff took him home and permitted him to change clothing, and then the sheriff, plaintiff and the sheriff's deputy drove to Dakota City, and during the trip nothing was said to him by anybody; but that the warrant was never read to him. Later the plaintiff testified that Saturday morning (the next day), at the Dakota county jail, the improper acts of the sheriff, constituting the alleged wrongs of which plaintiff complains, occurred.

However, in consideration of plaintiff's statements and contentions, it is to be remembered that the evidence in the record, substantially uncontroverted, is that on May 20, 1932, a proper complaint charging plaintiff in the present action with the commission of a misdemeanor was filed in the county court of Dakota county; that on that day a warrant in due form of law was issued thereon and delivered to the defendant as sheriff of that county; and that with this warrant in his personal possession such defendant proceeded at once to Wayne county, Nebraska, and, as commanded by the process in his personal possession, took plaintiff Martin into custody and returned to Dakota county, where he arrived some time between 7 p. m. and 9 p. m. of the same day, and thereupon committed plaintiff to the county jail. It will also be remembered that immediate service on a warrant when received by a sheriff is a statutory requirement. Comp. St. 1929, secs. 28-720, 28-721.

In view of all the facts reflected in the evidence, the commitment of plaintiff to the county jail of Dakota county seems authorized by section 29-410, Comp. St. 1929, which provides: "Any officer or other person having in lawful custody any person accused of an offense for the

purpose of bringing him before the proper magistrate or court, may place and detain such prisoner in any county jail of this state for one night or longer, as the occasion may require, so as to answer the purposes of the arrest and custody."

As to the contention of plaintiff that the warrant was not produced, when demanded, and was not read to him, it seems, in the absence of controlling statutory provisions, the correct rule on this subject appears to be that a known officer attempting to make an arrest by virtue of a valid warrant, if no resistance is offered by the party arrested, ought always, upon demand made, to show his warrant to the party arrested *or notify him of the substance of his warrant.* *United States v. Rice,* 27 Fed. Cas. 795; *State v. Phinney,* 42 Me. 384. See, also, *State v. Taylor,* 70 Vt. 1; 5 C. J. 392, 393, and also authorities in note 99 on page 393. But, if the person arrested has actual knowledge of the charge, the reading of the warrant by the sheriff or its actual production by him is unnecessary. *King v. State,* 89 Ala. 43; *State v. Garrett,* 60 N. Car. 144; *Cabell v. Arnold,* 86 Tex. 102; *Bowling v. Commonwealth,* 7 Ky. Law Rep. 821; *State v. Dula,* 100 N. Car. 423; *Rex v. Howarth,* 1 Moody (Eng.) 207. At all events, it appears that no liability is incurred by a regular officer having a warrant in his possession because of his failure to exhibit it on demand. 25 C. J. 489; *Arnold v. Steeves,* 10 Wend. (N. Y.) 514.

It would seem, in the present case, that no recovery can be predicated upon the method followed by the defendant sheriff in making the arrest pursuant to a lawful warrant then in his possession. In addition, the pleadings and the record in this case suggest the applicability of the following principle of pleading: "There should be no material variance between the pleading and proof. Where an arrest void *ab initio* is the alleged basis of the false imprisonment, it is a material variance to prove an arrest lawfully made but which became unlawful imprisonment by an unlawful refusal to receive bail." 3 Bancroft, Code Pleading, sec. 1445.

As to the charge of malicious prosecution, it may be said that there is no evidence in the record which, in any manner, tends to impeach the good faith of the county judge who received and filed the complaint in the case of State v. Martin, or challenges the good faith of the county attorney who made and filed the complaint in that case, or questions the validity of the complaint filed. The conviction of plaintiff, Martin, upon his plea of guilty is unreversed, and is and remains in full force and effect. These facts preclude a recovery of damages by the plaintiff for alleged malicious prosecution under the circumstances of the instant case. 18 R. C. L. 27, sec. 15; *Casebeer v. Drahoble,* 13 Neb. 465; *Murphy v. Ernst,* 46 Neb. 1; *Sudborough v. Pacific Express Co.,* 4 Neb. (Unof.) 518; *Duerr v. Kentucky & Indiana Bridge & R. .Co.,* 132 Ky. 228; *Lawrence v. Cleary,* 88 Wis. 473; *Wagstaff v. Schippel,* 27 Kan. 450.

The undisputed evidence in the present case disclosing not only probable cause but ample justification for all steps taken by the defendant sheriff, the trial court rightfully directed a verdict for the defendants on the cause of action alleging malicious prosecution. *Kersenbrock v. Security State Bank,* 120 Neb. 561; *McHugh v. Ridgell,* 105 Neb. 212; *Meyer v. Meese,* 95 Neb. 226; *Talcott v. Rice,* 94 Neb. 539; *Sudborough v. Pacific Express Co.,* 4 Neb. (Unof.) 518; *Bechel v. Pacific Express Co.,* 65 Neb. 826; *Gering v. Leyda,* 91 Neb. 430.

In our opinion, the evidence in the record conclusively establishes that the plea of guilty was entered in State v. Martin and sentence imposed on Martin on Saturday, May 21, 1932. The county judge's positive testimony is that at that time, after the complaint had been read to plaintiff, but before his plea of guilty was accepted, the county judge, in open court, asked plaintiff if he desired the services of an attorney, to which inquiry plaintiff replied he did not. Except as to date, this is nowhere questioned in the record before us. After this reply was received, the plea of guilty was accepted by the court, and sentence imposed. The absolute good faith of the county judge, and

of the county attorney as complainant, is unchallenged, and the force and effect of this judicial record is not in any manner impaired. From and after the sentence, plaintiff's detention was strictly pursuant to its terms. There is no evidence in the record that any complaint was ever made to the sheriff or jailer as to the condition of the county jail, or its appointments, or the food served, during plaintiff's confinement. There is no evidence that plaintiff ever asked to be admitted to bail prior to his sentence, or that it was possible for plaintiff to secure bail if the sheriff or jailer, without request therefor, voluntarily produced him in the county court for that purpose. But such conduct on part of his custodians is not contemplated by the law of the land. The rule is: "If the accused desires to be bailed, he must demand or apply for it, and the magistrate is authorized to commit him unless he does so." 6 C. J. 983.

It follows that, in this case, the county judge rightfully exercised his judicial powers, the sheriff properly performed the duties of his office, and the district court correctly disposed of the case. Its judgment is, therefore,

AFFIRMED.