HARLAN H. HENDERSON, APPELLANT, v. JOHN F. GETTMAN, APPELLEE.

283 N. W. 372

FILED JANUARY 13, 1939. No. 30457.

*Carrico & Carrico,* for appellant.

*Richard C. Hunter, Attorney General,* and *Francis V. Robinson, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, C. J.

In the district court for Buffalo county in a petition on behalf of Harold Henderson, a minor 14 years of age, it is alleged he is unlawfully deprived of his liberty by John F. Gettman, superintendent of the state industrial school for boys at Kearney. The petition contains a prayer for Henderson's release on habeas corpus. Under a writ directed to Gettman, Henderson, hereinafter called "minor," was produced in court. There was a hearing upon the petition, the return to the writ of habeas corpus and the evidence, and there was a resulting order remanding the minor to the custody of the superintendent of the industrial school. The minor appealed.

A chronology of the proceedings showing the cause of the detention, as disclosed by the return of the writ of habeas corpus and the evidence, follows: October 21, 1936, on complaint of the county attorney of Adams county, minor found by the county court of Adams county to be a delinquent and as such he was paroled to Karl D. Beghtol; November 22, 1937, parol revoked by county court of Adams county for violation of its terms, and order committing the minor as a delinquent to the Nebraska home for dependent children at Lincoln; November 29, 1937, minor delivered to Nebraska home for dependent children; November 30, 1937, resolution by Nebraska state board of control directing

transfer of minor as a delinquent to the state industrial school for boys at Kearney, where he was subsequently detained.

On appeal it is contended on behalf of the minor that his detention is unlawful on the ground that the county court of Adams county was without jurisdiction to hear or determine any complaint of delinquency against him, because a judge of the district court having jurisdiction was in Adams county at the time. This contention is based on a statute which provides:

"The district courts of the several counties in this state and the judges thereof in vacation, shall have original jurisdiction in all cases coming within the terms of this article; the county court in each county shall have concurrent jurisdiction with the district court, but such jurisdiction shall not be exercised by the county court except in the absence of the judge or judges of the district court from the county." Comp. St. 1929, sec. 43-202.

The position of the minor is that the county court is one of limited and inferior jurisdiction in respect to decisions affecting the custody and care of delinquent or dependent children and that its orders in such a capacity are void unless its record shows absence of district judges from the county at the time, citing Constitution, article V, section 16; *Martin v. Sanford*, 129 Neb. 212, 261 N. W. 136; *Foote v. Chittenden*, 106 Neb. 704, 184 N. W. 167; *Murphy v. Lyons*, 19 Neb. 689, 28 N. W. 328. The record of the county court does not show that the judges of the district court were absent from the county in this instance. The habeas corpus record contains a stipulation that a district judge was then in Adams county.

Gettman, as superintendent, defends his custody under the resolution of the state board of control and county court orders made pursuant to the statute providing:

"The district and county courts in the several counties shall have concurrent jurisdiction over all cases coming within the provisions of this article. In counties having a population of more than fifty thousand, county courts shall

not exercise such jurisdiction, except in the absence from the county of the district judge or judges." Comp. St. 1929, sec. 43-222.

If this section is controlling in the case at bar, the minor is not entitled to release from his present custody, because the population of Adams county was less than 50,000, and the jurisdiction of the county court did not depend on absence of district judges. These two sections were enacted in separate bills by the legislature of 1905 and did not then conflict in any respect. The first was part of an act passed March 8, 1905, under the title "An act to regulate the treatment and control of dependent, neglected and delinquent children." Laws 1905, ch. 59. Under that title the act of March 8, 1905, contained the following provisions on jurisdiction:

"The district court of the several counties in this state and the judges thereof in vacation shall have original jurisdiction in all cases coming within the terms of this act. The county court in each county shall have concurrent jurisdiction with the district court, but such jurisdiction shall not be exercised by the county court except in the absence of the judge or judges of the district court from the county." Laws 1905, ch. 59, sec. 2.

That legislation appeared in the 1913 compilation of statutes, as follows:

"The district courts of the several counties in this state and the judges thereof in vacation, shall have original jurisdiction in all cases coming within the terms of this article; the county court in each county shall have concurrent jurisdiction with the district court, but such jurisdiction shall not be exercised by the county court except in the absence of the judge or judges of the district court from the county." Rev. St. 1913, sec. 1245.

The title of the act of March 21, 1905, was "An act to provide for the punishment of persons responsible for, or contributing to, the dependency or delinquency of children." Laws 1905, ch. 195. Under this title, the provision on jurisdiction reads thus:

"The district and county courts in the several counties shall have concurrent jurisdiction over all cases coming within the provisions of this act. In counties having a population of more than 50,000 county courts shall not exercise such jurisdiction, except in the absence from the county of the district judge or judges." Laws 1905, ch. 195, sec. 2.

This legislation appeared in the compilation of 1913, as follows:

"The district and county courts in the several counties shall have concurrent jurisdiction over all cases coming within the provisions of this article. In counties having a population of more than fifty thousand, county courts shall not exercise such jurisdiction, except in the absence from the county of the district judge or judges." Rev. St. 1913, sec. 1264.

The changing of the word "act" as used in the legislation of March 21, 1905, to the word "article" in the Revised Statutes of 1913, appeared to extend the jurisdiction of the county court in all counties having less than 50,000 inhabitants to "dependent, neglected and delinquent children," thus extending the legislation beyond its original import and creating a conflict of jurisdiction, the subject-matter quoted being included in "article" VII of the revision. Rev. St. 1913, ch. 16, art. VII, secs. 1263, 1264. The changes from the original enactments appeared in the compilation of 1922. Comp. St. 1922, sec. 1194. In this condition of the legislation, the legislature of 1925, under a title broad enough to cover jurisdiction of the county court over dependent, neglected and delinquent children, reenacted section 1194, Compiled Statutes of 1922, part of the "article" in which it was inserted, as already quoted from section 43-222, Compiled Statutes of 1929. Laws 1925, ch. 56.

The reenactment of 1925 conferred on the county court of Adams county the jurisdiction exercised in committing the minor to the Nebraska home for dependent children. It is the last expression of the legislative will on the subject

and its validity is not questioned in this proceeding. In view of the conclusion reached on the question of jurisdiction, the judgment of the district court is

AFFIRMED.