SCHOOL DISTRICT No. 145 OF LANCASTER COUNTY, NEBRASKA, ALSO KNOWN AS THE SCHOOL DISTRICT OF THE VILLAGE OF WAVERLY, LANCASTER COUNTY, NEBRASKA, APPELLANT, v. MAURICE ROBERTSON, APPELLEE.

105 N. W. 2d 735

Filed November 10, 1960. No. 34811.

*Perry, Perry & Nuernberger,* for appellant.

*Francis M. Casey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by School District No. 145 of Lancaster County, Nebraska, also known as the School District of the Village of Waverly, Lancaster County, Nebraska, plaintiff and appellant, against Maurice Robertson, defendant and appellee, to recover $1,473.62 with interest at 6 percent per annum on $1,312 from the date of the commencement of the action. The trial started as one to a jury but during its course a jury was waived and it proceeded as from the beginning as a trial to the court. At the conclusion of the trial a judgment was rendered in favor of the plaintiff for $137.50 only, with interest at 6 percent per annum from May 25, 1956, to April 16, 1959, and the costs of the action to April 16, 1959, with the balance of the costs taxed to the plaintiff. A motion for new trial was filed by plaintiff. This motion was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The pleadings on which the case was presented were an amended petition and an amended answer.

By the petition the plaintiff substantially pleaded that it was a duly organized school district and body corporate having the powers of a corporation for public purposes under the laws of the state and that it operated a school in Waverly, Nebraska, known as the Waverly Consolidated School.

It was further pleaded that the defendant was a non-resident of the plaintiff district and that he resided in another district with four minor children of school age which district provided and maintained an approved public school for all grades including high school in

which the children could have secured instruction, but for personal reasons he chose to send his children to the school of the plaintiff district for the period involved in this action. The defendant by his answer and by testimony admits that the allegations in this portion of the petition are true.

The plaintiff further pleaded that in about the month of January 1951, it entered into an oral contract with the defendant whereby it was agreed that the minor children of the defendant should attend the school conducted by the plaintiff under which agreement the defendant was to pay tuition at the rate established by the plaintiff for nonresident pupils, which agreement was acknowledged at numerous times thereafter; that under this agreement children of the defendant attended the school of plaintiff for the years 1951 to 1956; and that there was due on the contract $1,312 with interest from June 1, 1956, making a total of $1,473.62, and interest on $1,312 from the date of the commencement of the action. The amount of $1,312 was for an alleged balance due for tuition for the school years 1954-1955 and 1955-1956.

By the amended answer defendant denied the oral agreement alleged by the plaintiff. He alleged that it was agreed that the children of the defendant should attend the school of the plaintiff for which he was required to pay only one-half of the established or scheduled rate of tuition. He alleged that on this basis he was indebted to the plaintiff in the amount of $137.50. By the answer he tendered payment of this amount. No reply to the answer was filed.

There is a complete absence of testimony from witnesses called by the plaintiff to establish the existence of the oral contract alleged to have been entered into in 1951. Likewise there is a complete absence of testimony as to any happening thereafter the effect of which could be construed as the renewal of an agreement entered into in 1951 or of an oral contract entered into

at any later date. The deposition of the defendant was taken before the trial. A part of this deposition was read in evidence at the trial by the plaintiff on the theory that it contained admissions against interest. The remainder of the deposition was read into the record by the defendant. In that there was no evidence which might be regarded as proof of the oral agreement alleged in the petition or any reaffirmation thereof.

The most that can be said of this evidence of the plaintiff is that it discloses that the children of the defendant attended the school as it is alleged they did; that demand was made upon the defendant for payment of tuition each year; that he paid the amounts demanded through the school year 1953-1954; but that for the school years 1954-1955 and 1955-1956, although demand was made, he paid only $1,037 and failed and refused to pay any amount in excess thereof.

At the conclusion of the evidence of the plaintiff the defendant moved in the alternative that the court dismiss the case or direct a verdict in favor of the defendant on the ground, among others that do not require mention here, that the action is by the petition based upon a specific oral contract entered into in January 1951, but that the record of the evidence is completely silent as to any such contract entered into at that time or at any other time. This motion was overruled.

It is interpolated here that no other theory was presented to the court by amendment to the petition or offer of amendment, or otherwise.

Thereafter the defendant put on his evidence. He testified as a witness in his own behalf. There is nothing in his testimony or in any other evidence adduced by him the effect of which was to prove the agreement alleged by the plaintiff or a reaffirmation thereof.

Unless something occurred the effect of which was to avoid its application, the rule which is applicable and controlling and entitled the defendant to have judgment in his favor on the entire pleaded cause of action

except as to the $137.50 with interest, which he tendered, is stated in Traver v. Shaefle, 33 Neb. 531, 50 N. W. 683, as follows: "The rule of law is inflexible that the allegations and the proof, allegata et probata, must agree." See, also, Bauer v. Wood, 144 Neb. 14, 12 N. W. 2d 118; Cunningham v. Brewer, 144 Neb. 211, 13 N. W. 2d 113; Barnhart v. Henderson, 147 Neb. 689, 24 N. W. 2d 854; National Fire Ins. Co. v. Evertson, 153 Neb. 854, 46 N. W. 2d 489; Benson v. Walker, 157 Neb. 436, 59 N. W. 2d 739; Shepardson v. Chicago, B. & Q. R. R. Co., 160 Neb. 127, 69 N. W. 2d 376.

In interpretation and application of this rule it was said in Foote v. Chittenden, 106 Neb. 704, 184 N. W. 167: "A party will not be permitted to plead one cause of action and upon the trial rely on proof establishing a different cause. The allegations and proof must agree." This was quoted with approval in Cunningham v. Brewer, *supra.*

The rule has application generally, and specifically it has application to suits on contracts. The rule is approved in Benson v. Walker, *supra,* which was, as is apparent from a reading of the opinion, a suit on a contract.

The plaintiff insists in effect by its brief that the answer of the defendant had the effect of avoiding the application. It insists that the answer contains what amounts to an admission of the existence of the alleged contract upon which the action is based. Nothing contained in the answer is capable of such a construction.

The existence of the contract alleged by the plaintiff was denied by the answer. An entirely different contract was affirmatively pleaded by the defendant. It was in no sense an admission of the cause of action pleaded by the plaintiff. It was not one which would permit of a recovery of anything more than $137.50 with interest. This question has received a sufficient answer in the declaration quoted herein that one will not be permitted to plead one cause of action and upon trial

rely on proof establishing a different cause. This is necessarily true if the reliance is upon proof, as is true in this case, the effect of which is to defeat the pleaded cause of action. There is no ground in this case to justify a departure from the rule that in a case the allegations and the proof must agree.

The district court found that the plaintiff had failed to establish by a preponderance of the evidence that the contract alleged in the petition was ever made and rendered its judgment accordingly. It gave the plaintiff judgment for $137.50 with interest at 6 percent per annum from May 25, 1956, to April 16, 1959, and the costs of the action which accrued to April 16, 1959, and taxed the subsequently accrued costs to the plaintiff. The defendant has not cross-appealed. The judgment of the district court was correct and it should be and is affirmed.

AFFIRMED.