FARMERS UNION COOPERATIVE INSURANCE COMPANY, A NEBRASKA CORPORATION, APPELLANT, V. MARK E. REINWALD EL AL., APPELLEES.

235 N. W. 2d 630

Filed December 4, 1975. No. 40027.

August P. Ross and Bruce G. Mason of Ross & O'Connor, for appellant.

Robert T. Grimit of Baylor, Evnen, Baylor, Curtiss & Grimit, Leonard J. Germer, and Leroy P. Shuster, for appellees.

Heard before SPENCER, NEWTON, and CLINTON, JJ., and HENDRIX and BUCKLEY, District Judges.

NEWTON, J.

This is an action for a declaratory judgment to determine plaintiff's liability, if any, under an automobile insurance policy issued to the defendant Mark E. Reinwald on a Ford Fairlane automobile and a policy issued to defendants Henry Virus and his wife Ida Virus on a Ford Galaxie and a 1960 Ford 1½ ton truck. An accident occurred when the defendant Reinwald was driving an uninsured 1962 Ford pickup owned by the defendants Viruses. The District Court held that plaintiff had no liability under the Virus policy but was liable under the Reinwald policy. We affirm the judgment of the District Court.

Plaintiff has appealed. There is no cross-appeal in regard to the Virus policy. The issue is therefore limited to the question of plaintiff's liability under the Reinwald policy. That policy insured Reinwald when driving nonowned automobiles but contained certain exclusions. It defined a "nonowned automobile" as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." It also defined a "private passenger automobile" as "a four wheel private passenger, station wagon or jeep type automobile." A "farm automobile" was defined as "an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming." The policy stated it did not apply "to a non-owned automobile while * * * used by any person while such person is employed or otherwise engaged in * * * any * * * business or occupation of the insured, but this exclusion * * * does not apply to a private passenger automobile operated * * * by the named insured * * *."

The defendant Reinwald is a foster son of the defendants Viruses. Reinwald lived in town and the Viruses on the Virus farm. They had an arrangement whereby Reinwald did much of the labor and furnished minimal

equipment and fuel to operate the farm. Virus furnished the land and equipment and paid practically all expenses besides helping with the farm work. The crops raised were divided two-thirds to Virus and one-third to Reinwald. Each owned and maintained individual herds of cattle and hogs. In connection with the farm operation, Virus kept a 1962 ½ ton Ford pickup which Reinwald was permitted to use in connection with farm operations and occasionally for other purposes. In February 1969 Reinwald purchased a 1957 Ford pickup at the request of Ida Virus. It was not insured. Thereafter he generally used his own pickup for farm and other purposes but very occasionally used the Virus pickup for personal use when his own was being repaired and continued to use it occasionally for farm purposes but not on a steady basis as he had before he got his own pickup.

On October 4, 1969, Reinwald and Virus agreed that Reinwald should go to another farm to solicit aid in shelling corn 2 days later and to go into Deshler to see if a Virus tractor had been repaired. Reinwald drove the Virus pickup and, while enroute from the neighboring farm to town, was involved in an accident resulting in a suit against the defendants Reinwalds and Viruses.

Was the Virus pickup furnished for the "regular use" of Reinwald? The trial court found that it was not. The undisputed testimony shows that Reinwald, when not accompanied by Virus, used or drove the Virus pickup only four or five times between February 1969 when he got his own pickup, and October 4, 1969, when the accident occurred. This supports the finding of the trial court. "The findings of a court in a law action in which a jury is waived have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong." Workman v. Great Plains Ins. Co., Inc., 189 Neb. 22, 200 N. W. 2d 8.

Plaintiff now contends that, as a nonowned automobile, the Virus pickup, as here used, falls within the exclusion making the policy inapplicable when a non-

owned automobile, which is not a private passenger automobile, is used by the insured while engaged in his occupation. The evidence may be viewed as justifying this contention but the proposition would nevertheless be inapplicable here for it was not pleaded in plaintiff's petition. The plaintiff specifically pleaded that it was not a nonowned automobile as defined in the policy because of regular use. Now plaintiff has added a new dimension, namely, that it is a nonowned automobile which was not covered because it was being used by Reinwald in his business or occupation. This is a declaratory judgment action and plaintiff must allege the grounds on which it seeks relief. There can be no recovery if there is a material variance between the allegations and the proof. Talbott v. City of Lyons, 171 Neb. 186, 105 N. W. 2d 918. See, also, School Dist. No. 145 v. Robertson, 171 Neb. 176, 105 N. W. 2d 735. Plaintiff urges that it had attached a copy of the policy to its petition and thereby pleaded the new matter relied upon. This does not obviate the plaintiff's responsibility to allege the grounds upon which it seeks relief, otherwise all the exclusionary clauses contained in the policy would be grounds for relief. "As a general rule, limitations of liability, and loss from an excepted cause, are matters of defense to be specially pleaded by the insurer." 44 Am. Jur. 2d, Insurance, § 1947, p. 886. This is even more true where the insurer, as plaintiff, has the burden of alleging and proving a cause of action.

The judgment of the District Court is affirmed.

AFFIRMED.

BUCKLEY, District Judge, concurs in the result.